1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                                   EASTERN DISTRICT OF CALIFORNIA

10

11   JOHNNY MYERS,                              1:20-cv-00535-GSA-PC

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS,
                                                RECOMMENDING THAT THIS CASE
13        vs.                                   BE DISMISSED FOR PLAINTIFF'S
                                                FAILURE TO COMPLY WITH COURT
14   PHILLIPS, et al.,                          ORDER
                                                (ECF No. 8.)
15              Defendants.
                                                OBJECTIONS, IF ANY, DUE WITHIN
16                                              FOURTEEN (14) DAYS

17

18

19   **I.      BACKGROUND**

20        Johnny Myers ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action

21   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 10,

22   2020, together with an application to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

23        Plaintiff's application to proceed *in forma pauperis* was deficient  (ECF No. 2) as the

24   court only received the first page of the application. On April 16, 2020, the court issued an order

25   requiring Plaintiff to submit a new, completed application to proceed *in forma pauperis* or pay

26   the filing fee for this action, within thirty days.  (ECF No. 8.)

27        On May 7, 2020, Plaintiff filed a notice of change of address to Salinas Valley State

28   Prison.  (ECF No. 12.)  On May 8, 2020, the court re-served the court's April 16, 2020 order on

1   Plaintiff at his new address. (Court record.)  Because of the re-service, Plaintiff was granted thirty

2   days from the date of re-service in which to comply with the April 16, 2020 order.

3          The thirty-day time period has now expired, and Plaintiff has not filed a completed

4   application to proceed *in forma pauperis*, paid the filing fee for this action, or otherwise

5   responded to the court's order.

6   **II.     DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER**

7          In determining whether to dismiss this action for failure to comply with the directives set

8   forth in its order, "the Court must weigh the following factors:  (1) the public's interest in

9   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

10  prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

11  public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639,

12  642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

13         "'The public's interest in expeditious resolution of litigation always favors dismissal,'"

14  id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the

15  action has been pending since April 10, 2020.  Plaintiff's failure to comply with the court's order

16  may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the court cannot

17  continue to expend its scarce resources assisting a litigant who will not resolve payment of the

18  filing fee for his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

19         Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

20  and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently

21  increases the risk that witnesses' memories will fade and evidence will become stale," id., and

22  it is Plaintiff's failure to pay the filing fee or submit a completed application to proceed *in forma*

23  *pauperis* that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

24         As for the availability of lesser sanctions, at this stage in the proceedings there is little

25  available to the court which would constitute a satisfactory lesser sanction while protecting the

26  court from further unnecessary expenditure of its scarce resources.  Given that Plaintiff is a

27  prisoner proceeding *pro se* who has not paid the filing fee for this action, the court finds monetary

28  sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence

or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

**III.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the court **HEREBY RECOMMENDS** that this action be dismissed without prejudice based on Plaintiff's failure to obey the court's order of April 16, 2020.

These findings and recommendations will be submitted to the United States District Judge who is yet to be assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**July 13, 2020**__                    _____**/s/ Gary S. Austin**_____
                                                     UNITED STATES MAGISTRATE JUDGE

3